[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10326
Non-Argument Calendar

_____

D. C. Docket No. 6:11-cr-00004-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER L. HALEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 30, 2012)

Before MARCUS, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Christopher Haley appeals his 48-month sentence for passing a fraudulent

check. Mr. Haley contends that his sentence, which was double the high end of his applicable advisory sentencing guidelines range, is substantively unreasonable because the district court failed to consider his history of mental illness and instead focused solely on his criminal history. After a review of the record and the parties' briefs, we affirm.

On February 2, 2011, Mr. Haley was indicted on two counts of passing counterfeit checks of a company whose activities affect interstate or foreign commerce, in violation of 18 U.S.C. § 513(a). The charges stemmed from Mr. Haley's participation in a scheme, operated in and around Atlanta, Georgia, in 2010 to cash fraudulent checks at various banks. The organizers of the scheme recruited homeless or unemployed individuals who had valid photo identification to present the fraudulent checks at the banks. In exchange for turning over the proceeds of the checks to the organizers, the individuals were placed in a hotel overnight, were provided drugs, alcohol, food, and prostitutes, and were given a small portion of the proceeds received. Mr. Haley was one of those homeless individuals recruited to cash fraudulent checks.

Count 1 charged Mr. Haley with passing a counterfeit check in the amount of $2,347 and Count 2 charged him with passing a counterfeit check in the amount of $1,864. Mr. Haley pled guilty to Count 2 of the indictment, and Count 1 was

2

dismissed by the government.

The presentence investigation report recommended a sentencing range of 18 to 24 months' imprisonment. This calculation was based on a total offense level of 8 and a criminal history category of VI, the highest recidivist category under the Sentencing Guidelines. Mr. Haley's criminal history yielded 26 criminal history points, twice the number required to fall within category VI. Those 26 points did not include 7 of Mr. Haley's convictions, either because those convictions resulted in terms of imprisonment less than 60 days or because they occurred outside of the applicable time period. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e). The report also indicated that Mr. Haley had violated probation or parole on at least 12 occasions. Concerning mental health, the report noted that Mr. Haley was diagnosed in 2009 as a schizophrenic with paranoid tendencies. Finally, the report stated that Mr. Haley was a long-time crack cocaine addict. Mr. Haley did not object to the report.

At the sentencing hearing, the government requested that the district court vary upward and sentence Mr. Haley to 48 months' imprisonment due to his extensive criminal history. In response, Mr. Haley requested a 24-month sentence. Mr. Haley, through counsel, acknowledged his criminal history but noted that his prior convictions were for theft, drug, and traffic offenses and were not violent in nature. Mr. Haley's attorney also stated that "Mr. Haley has a long history of

mental health and substance abuse and problems in his life." R1-38:7.

The district court varied upward and sentenced Mr. Haley to 48 months' imprisonment. In doing so, the district court discussed, among other things, Mr. Haley's extensive criminal history, his repeated violations of probation and parole, and his crack cocaine addiction. Moreover, the district court expressly adopted the facts in the presentence investigation report as its own and noted that it had considered the factors set forth in 18 U.S.C. § 3553(a) in imposing the sentence. The district court concluded:

> The Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant. The Court hopefully has imposed a sentence that reflects the seriousness of the offense, to curtail his activities, and to punish him for his activities, and hopefully to provide some deterrence from future criminal conduct, but most of all, to protect the public from further crimes of this defendant.

R1-38:12. Mr. Haley objected to his sentence and the upward variance.

On appeal, Mr. Haley argues that the district court imposed a substantively unreasonable sentence because it sentenced him to twice the high end of his applicable advisory guidelines range without considering his mental illness, and instead exclusively focusing on his criminal history.

We review the reasonableness of a defendant's sentence under the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007).

4

We review a "sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). "While the district court making ... an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review, we will vacate such a sentence only if 'we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Early*, — F.3d —, 2012 WL 2819416, at *1 (11th Cir. July 11, 2012) (quoting *Shaw*, 560 F.3d at 1238). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

On this record, we do not find Mr. Haley's 48-month sentence substantively unreasonable. Admittedly, the district court devoted a significant portion of its discussion to Mr. Haley's criminal history throughout the sentencing hearing, but this fact alone does not make the district court's upward variance substantively unreasonable. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)

5

("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (alterations and internal quotation marks omitted). Mr. Haley has an extensive criminal record, including 26 prior convictions and 12 violations of probation or parole. Six of those prior convictions were for crimes relating to cashing or possessing fraudulent checks, the same criminal conduct at issue here. Moreover, for a significant portion of his adult life, Mr. Haley has been a drug addict, even testing positive for cocaine while out on bond for this offense. Mr. Haley's criminal history indicates that, since he turned 18, he has been unable to conform his behavior to the requirements of the law.

As a result, after considering "the nature and circumstances of the offense," Mr. Haley's "history and characteristics," and the factors set forth in § 3553(a), the district court determined that an upward variance was required to, among other things, curtail Mr. Haley's criminal behavior and protect society. R1:38-12. Although the district court did not explicitly mention Mr. Haley's schizophrenia, it was aware of it when imposing Mr. Haley's sentence as the diagnosis was noted in the presentence investigation report and Mr. Haley's counsel made mention of the fact at sentencing.

Mr. Haley was subject to a maximum statutory sentence of 120 months. *See*

6

18 U.S.C. § 513(a). Although not determinative of a sentence's reasonableness, we note that Mr. Haley's 48-month sentence is well below the statutory maximum sentence. *See Early*, — F.3d —, 2012 WL 2819416 at *3 (considering difference between sentence imposed and statutory maximum as one indicator of the sentence's reasonableness).

In light of the foregoing, Mr. Haley has not shown that the district court committed a clear error of judgment when weighing the § 3553(a) factors, and we conclude that Mr. Haley's 48-month sentence is not substantively unreasonable. *See Shaw*, 560 F.3d at 1238–41 (affirming sentence as substantively reasonable over appellant's argument that the district court relied too heavily on recidivism where appellant had 20 criminal history points, 27 prior arrests, and prior sentences totaling 105 months). *Cf.* U.S.S.G § 4A1.3 cmt. n. 2(B) (Nov. 2006) ("In the case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted.").

Accordingly, we affirm Mr. Haley's sentence.

**AFFIRMED.**